Submitted August 7, reversed and remanded September 30, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL McGRATTAN,
*Defendant-Appellant.*

Tillamook County Circuit Court
14CR05709; A157137

359 P3d 1242

Peter Gartlan, Chief Defender, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for possession of a controlled substance, ORS 475.752(3)(b), assigning error to the denial of his motion to suppress evidence obtained by police officers from a warrantless entry into his home. He argues that the officers were not justified in entering his residence under the emergency aid exception to the warrant requirement, and the trial court erred in concluding otherwise.

The state concedes that the trial court erred, and we accept that concession. "Under the emergency aid doctrine, law enforcement officers may lawfully enter private premises without a warrant if they 'have an objectively reasonable belief, based on articulable facts, that a warrantless entry is necessary to either render immediate aid to persons, or to assist persons who have suffered, or who are imminently threatened with suffering, serious physical injury or harm.'" *State v. Bistrika*, 262 Or App 385, 392, 324 P3d 584, *rev den*, 356 Or 397 (2014) (quoting *State v. Baker*, 350 Or 641, 649, 260 P3d 476 (2011)). The state failed to prove those circumstances here. Accordingly, the evidence must be suppressed.

Reversed and remanded.